[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14963
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 12, 2011
JOHN LEY
CLERK

Agency No. A034-714-953

WILFREDO FREDERICK DARIA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 12, 2011)

Before EDMONDSON, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Wilfredo Frederick Daria petitions this Court for review of his removal

proceedings. Specifically, he claims that the U.S. Attorney General violated his

procedural due process rights by waiting until 2008 to commence removal proceedings based on an aggravated felony conviction—sexual battery—in 1991.[1]

"The procedural component of the Fifth Amendment's Due Process Clause protects against the deprivation of life, liberty, or property without the 'due process of law.' The necessary first step in evaluating any procedural due-process claim is determining whether a constitutionally protected interest has been implicated." *Tefel v. Reno*, 180 F.3d 1286, 1299 (11th Cir. 1999) (internal citation omitted).

Here, Daria does not articulate the constitutionally protected interest at stake. He does not demonstrate that either "property" or "liberty" are implicated by the Attorney General's decision to commence removal proceedings in 2008. Instead, he argues that the Attorney General's decision violated general precepts of fairness. But that claim does not warrant relief under the Due Process Clause in this case. *See, e.g.*, *Dandan v. Ashcroft*, 339 F.3d 567, 575 (7th Cir. 2003) ("[T]he decision when to commence deportation proceedings is within the

---

[1] The notice to appear issued by the Department of Homeland security also stated Daria was removeable because (1) he committed two crimes of moral turpitude—the 1991 conviction for sexual battery and a 2007 conviction for unemployment compensation fraud; and (2) he committed aggravated-felony burglary in 2000. The Florida courts vacated the burglary conviction in 2008, and Daria entered into a new guilty plea, which resulted in a sentence of less than one year of imprisonment. Accordingly, it was no longer an independent ground for removal. Ultimately, the Immigration Judge and Board of Immigration Appeals denied relief based on the sexual battery conviction.

discretion of the Attorney General and does not, therefore, involve a protected property or liberty interest.").  Accordingly, we deny his petition for review.

**PETITION DENIED.**